BEFORE THE THIRD DIVISION, NOVEMBER 20, 1946

**No. 51427.**—Protest 114453–K (A) of W. F. Mackay (Pembina).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 51428.**—Protests 99663–K, etc., of L. Bamberger & Co. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of articles similar in all material respects to those the subject of *American Import Co.* v. *United States* (15 Cust. Ct. 190, C. D. 970). In accordance therewith it was held that the Mexican pottery articles of common yellow, brown, red, or gray earthenware, except such articles as would come under the classification of vases, mugs, cups, statuettes, or ornaments which are specifically provided for under paragraph 211, are properly dutiable at 20 percent under paragraph 210 as claimed.

**No. 51429.**—Protests 119411–K, etc., of G. H. Mumm Champagne (S. V. C. S.) & Asso., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importer. The protests were sustained to this extent.